UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURTIS GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00960-JRO-TAB |
| | ) | |
| DELANA GARDNER, | ) | |
| JAQUELINE SCAIFE, | ) | |
| DAVIS, | ) | |
| ROBERTSON, | ) | |
| WILSON, | ) | |
| VALDEZ, | ) | |
| MATLOCK, | ) | |
| MCKEE, | ) | |
| MIRACLE, | ) | |
| SIMMONS, | ) | |
| RINGLEY, | ) | |
| JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Curtis Graham is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). He filed this action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by failing to ensure that he received insulin for his severe diabetes. Dkt. 1. Because Graham is a "prisoner," the Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Graham's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Graham attached 98 pages of exhibits to his complaint. While the Court may consider documents attached to a complaint, it is Graham's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). These exhibits appear to be evidence in support of the claims alleged in complaint. To consider the exhibits at this point would circumvent the "simple and plain statement requirement" of Rule 8(a)(2) of the Federal Rules of Civil Procedure and impose an unjustified burden on the Court. Unless stated otherwise, the Court will not sift through these

documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

Graham names 12 Defendants: (1) Warden Delanda Gardner; (2) Deputy Warden Jaqueline Scaife; (3) Sgt. Davis; (4) Sgt. Robertson; (5) Sgt. Wilson; (6) Sgt. Valdez; (7) Ofc. Matlock; (8) Ofc. McKee; (9) Ofc. Miracle; (10) Ofc. Simmons; (11) Ofc. Ringley; (12) Nurse Jackson.  Dkt. 1.

Graham resides in the A Dormitory within CIF, where he is confined to his cell for 22 hours a day unless there is a "line movement" for medical treatment, meals, or recreation.  *Id.* at 3.  The custody staff assigned to his unit have to approve "line movements" for individuals.  *Id.* at 4.  Graham has severe diabetes and requires multiple blood draws and injections of insulin per day.  *Id.* However, on multiple occasions, Graham has been marked as "absent" or "missed" from his insulin injections.  *Id.*  Graham alleges that the only way for him to miss insulin doses is if the custody staff fail to release him for his scheduled line movement.  *Id.*

Over the course of six months, Graham repeatedly missed insulin doses due to custody staff's conduct.  *Id.*  This caused severe bouts of dizziness, lethargy, and extreme soreness, as well as putting Graham at the risk of death. *Id.* at 7.  Beginning in June 2025, Graham began submitting requests for healthcare forms to document custody staff's actions as well as grievances.  *Id.* at 5.  Graham complained about Sgt. Davis, Sgt. Robertson, Ofc. Miracle, Ofc. Simmons, Ofc. McKee, Sgt. Wilson, Ofc. Ringley, and Ofc. Matlock as well as

others.  *Id.* at 5–6.  He received repeated assurances that the issues would be addressed, but nothing happened.  *Id.* at 6.  Graham also told Warden Scaife and Warden Gardner about the issues, and they assured him that "it would be addressed and corrected."  *Id.* at 7.

Graham pursues federal civil rights claims as well as state law negligence claims.  *Id.* at 8.  He seeks monetary, declaratory, and injunctive relief.  *Id.*

### III. DISMISSAL OF COMPLAINT

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, the Court **dismisses** claims against Sgt. Davis, Sgt. Robertson, Sgt. Wilson, Sgt. Valdez, Ofc. Matlock, Ofc. McKee, Ofc. Miracle, Ofc. Simmons, Ofc. Ringley, and Nurse Jackson for failure to state a claim.  "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation."  *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).  Specifically, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct."  *Id.*  Section 1983 does not recognize vicarious liability, or a supervisor's liability for his or her subordinate's conduct.  *See Butler v. Plasse*, 2023 WL 6201336, at *1 (S.D. Ind. Sept. 22, 2023) (quoting *Simpson v. Brown Cnty*, 860 F.3d 1001, 1005–06 (7th Cir. 2017)) (dismissing claims against sheriff in his official capacity since "municipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for

4

constitutional violations committed by their employees"). Here, Graham does not make any allegations against Nurse Jackson. The complaint does allege that Graham filed grievances about the remaining defendants, but it is not clear from the filing of grievances how each Defendant personally violated Graham's constitutional rights by depriving him of adequate medical care. Thus, without facts demonstrating each Defendants' involvement in the deprivation of Graham's rights, the Court cannot infer that these Defendants plausibly violated Graham's rights.

Second, the Court **dismisses** claims against Warden Gardner and Deputy Warden Scaife for failure to state a claim. Graham alleges that he told both wardens about his ongoing issues with receiving insulin and they assured him that the issue would be addressed. Without more information, the Court cannot infer that either warden violated Graham's rights by displaying deliberate indifference towards his medical needs. *See Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) ("Thus, to prevail on a deliberate indifference claim, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." (internal quotations omitted)).

Third, at this point, the Court **dismisses without prejudice** any state law claims against the Defendants. Graham has not alleged that the parties are citizens of different states and there is no allegation that would support the exercise of the court's diversity jurisdiction. A district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806)); *see also Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006). And because there are no federal claims upon which relief may be granted, Graham may not rely on the Court's supplemental jurisdiction to entertain any state law claims. *See* 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.*, 471 F.3d 754,757-58 (7th Cir. 2006). If Graham files an amended complaint that states federal claims against the Defendants, the Court will reassess whether to exercise supplemental jurisdiction over the state law claims.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Graham to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

6

Graham shall have **through August 11, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with Graham's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, **1:26-cv-00960-JRO-TAB** and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Graham wishes to pursue in this action.

If Graham files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 7/17/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

7

Distribution:

CURTIS GRAHAM
956817
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only