UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURTIS GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00960-JRO-TAB |
| | ) | |
| DELANA GARDNER, | ) | |
| JAQUELINE SCAIFE, | ) | |
| DAVIS, | ) | |
| ROBERTSON, | ) | |
| WILSON, | ) | |
| VALDEZ, | ) | |
| MATLOCK, | ) | |
| MCKEE, | ) | |
| MIRACLE, | ) | |
| SIMMONS, | ) | |
| RINGLEY, | ) | |
| JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Curtis Graham is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). He filed this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by failing to ensure that he received insulin for his severe diabetes. Dkt. 1. The Court's screening order dismissed Graham's complaint and directed him to file an amended complaint. Dkt. 12. The Court now screens Graham's amended complaint pursuant to 28 U.S.C. § 1915A(a), (c).

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Graham's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Graham names 11 Defendants: (1) Warden Delana Gardner; (2) Deputy Warden Jaqueline Scaife; (3) Sgt. Davis; (4) Sgt. Robertson; (5) Sgt. Wilson; (6) Sgt. Valdez; (7) Ofc. Matlock; (8) Ofc. McKee; (9) Ofc. Miracle; (10) Ofc. Simmons; and (11) Ofc. Ringley. Dkt. 14.

Graham resides in A Dormitory within CIF, where he is confined to his cell for 22 hours a day unless there is a "line movement" for medical treatment, meals, or recreation. *Id.* at 6. A line movement requires the express consent of custody staff. *Id.* Graham has severe Type II diabetes and requires multiple blood draws and injections of insulin per day. *Id.* However, from December 2024 until September 2025, Graham was forced to miss between a third and a half of his prescribed insulin doses because the Defendants would not let him out of his cell for the line movement. *Id.* at 7. These misses all occurred during the day shift when the Defendants worked. *Id.* Even though Graham begged custody staff to allow him to receive his insulin, they would frequently tell him to wait for the next line and then forget about him. *Id.* at 7–8. Graham beat on his cell door, but the officers told him "some variation of '[his] medical treatment is not a priority.'" *Id.* at 8 (brackets in original).

He also alleges every sergeant and correctional officer named in the amended complaint "ha[s] been present in no fewer than ten (10) instances of the Plaintiff being told to wait for the insulin line only to be forgotten about and told 'to wait for the next insulin line,'" *id.* and every sergeant and correctional officer named in the amended complaint told Graham that "ensuring his presence in the insulin line was not a priority," *id.* at 9.

Graham's diabetes is well-known and documented in his files with the Indiana Department of Correction ("IDOC"). Furthermore, he submitted several requests for healthcare and grievances about the above-described incidents. *Id.* at 11. Graham observed medical staff calling custody staff about Graham's

absence from the insulin line, to which custody staff blamed the "busy" environment of A Dormitory. *Id.* at 13. Graham also told Deputy Warden Scaife and Warden Gardner about missing doses of insulin, and they assured him that they would investigate and resolve Graham's issues. *Id.* at 12. Nevertheless, Graham continued to miss doses for months after speaking with the wardens. *Id.*

Missing doses of insulin caused severe bouts of dizziness, lethargy, and full body soreness, and also put Mr. Graham at risk of death. *Id.* at 10.

Mr. Graham pursues federal civil rights claims as well as state law negligence claims. *Id.* at 12. He seeks monetary, declaratory, and injunctive relief. *Id.*

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

The Court **dismisses** any claims for injunctive relief. Graham requests "[t]he issuance of an injunction aimed at eliminating the culture, custom, and practice at the CIF of depriving prisoners of their life-saving insulin." *Id.* at 14. To establish standing to sue for injunctive relief, however, plaintiffs must allege facts showing that they 'face a real and immediate threat of repeated injury.'" *Arcidiacono v. Whitehorn*, 178 F.4th 338, 341 (7th Cir. 2026) (quoting *Murthy v. Missouri*, 603 U.S. 43, 58 (2024). Past injuries, without more information, do not demonstrate "'a present case or controversy regarding injunctive relief.'" *Id.* at

344 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Here, the complaint alleges that Graham missed insulin doses between December 2024 and September 2025. *Id.* at 7. The complaint does not allege that CIF has an ongoing policy or practice that causes Graham to continuously miss insulin doses. There are no facts showing that Graham faces a real and immediate threat of repeated injury. Therefore, Graham does not have standing to sue for injunctive relief.

The following claims **shall proceed**.

Eighth Amendment claims may proceed against Warden Gardner, Deputy Warden Scaife, Sgt. Davis, Sgt. Robertson, Sgt. Wilson, Sgt. Valdez, Ofc. Matlock, Ofc. McKee, Ofc. Miracle, Ofc. Simmons, and Ofc. Ringley. The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources*, Inc., 839 F.3d 658, 662 (7th Cir. 2016)).

At the complaint stage, Graham adequately alleges that he had an objectively serious medical condition—Type II diabetes. The complaint also satisfies the subjective prong. Sgt. Davis, Sgt. Robertson, Sgt. Wilson, Sgt. Valdez allegedly demonstrated deliberate indifference by explicitly telling Graham that he would not receive his insulin doses and that his medical needs were not a priority. Though the allegations against the correctional officer defendants, Ofc. Matlock, Ofc. McKee, Ofc. Miracle, Ofc. Simmons, and Ofc. Ringley, are somewhat vague, at this point. But given that Graham alleges they did the same thing that the sergeants did, the allegations demonstrate that each officer knew about Graham's diabetes and deliberately refused to let him out of his cell on multiple occasions.

Though Deputy Warden Scaife and Warden Gardner were not personally involved in preventing Graham from leaving his cell to receive insulin, the amended complaint shows that they knew about the issue and recognized it as a problem. Yet, they did not do anything to fix the issue for months. "[O]nce an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'" *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (quoting *Vance v. Peters*, 97 F.3d 987, 992–93 (7th Cir. 1996); *accord Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022) (noting supervisory liability requires showing that subordinates acted at the "direction" of supervisors or "with their knowledge and consent and that the defendants acted either knowingly or with deliberate, reckless indifference" (cleaned up)).

State law negligence claims may also proceed against Warden Gardner, Deputy Warden Scaife, Sgt. Davis, Sgt. Robertson, Sgt. Wilson, Sgt. Valdez, Ofc. Matlock, Ofc. McKee, Ofc. Miracle, Ofc. Simmons, and Ofc. Ringley.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Graham believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 16, 2026,** in which to file a motion to reconsider the screening order.

## IV. CONCLUSION AND SERVICE OF PROCESS

The following claims are proceeding in this action: Eighth Amendment and state law negligence claims against Warden Gardner, Deputy Warden Scaife, Sgt. Davis, Sgt. Robertson, Sgt. Wilson, Sgt. Valdez, Ofc. Matlock, Ofc. McKee, Ofc. Miracle, Ofc. Simmons, and Ofc. Ringley. All other claims have been dismissed.

The **clerk is directed** to terminate Nurse Jackson as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 22, 2026, dkt. [14], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/20/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

CURTIS GRAHAM
956817
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:
Warden Gardner
Deputy Warden Scaife
Sgt. Davis
Sgt. Robertson
Sgt. Wilson
Sgt. Valdez
Ofc. Matlock
Ofc. McKee
Ofc. Miracle
Ofc. Simmons
Ofc. Ringley
(All at Correctional Industrial Facility)